UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN ANAYA,                              )
        Plaintiff,                       )
                              )
        v.                               )        Civil Action No. 3:25CV255 (RCY)
                              )
COUNTY OF NAPA, *et al.*,                 )
        Defendants.                      )
_____ )

**MEMORANDUM OPINION**

This is a civil rights and RICO action brought by *pro se* Plaintiff John Anaya, wherein Plaintiff alleges adverse custody determinations, protective orders, and courtroom proceedings were the product of a broad conspiracy among Defendants in connection with California family-court, child-welfare, and related criminal proceedings in Napa County. The case is before the Court on three separate Motions to Dismiss, as well as various Motions for Leave to File Amended Complaint from Plaintiff. Defendants the County of Napa, California; Christine Briseno, Jessica Marie Lopez Anaya, Alfredo Larranaga, Allison Haley, Sheryl Bratton, Alexys Vosmeier, Veronica Piper Jefferson, Jennifer Yasumoto, Lauren Noga, and Kendall Baron (collectively, the "County Defendants") seek dismissal pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants the Honorable Joseph Solga, Judge of the Superior Court of California, County of Napa, the Honorable Robert Stamps, Judge of the Superior Court of California, County of Napa, the Honorable Mark Boessenecker, Judge of the Superior Court of California, County of Napa, and the Honorable Elia Ortiz, Judge of the Superior Court of California, County of Napa (collectively, the "Judicial Defendants") seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Finally, *pro se* Defendant Carl Winter seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

The motions have been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant all three Motions to Dismiss and, because the proposed amendments appear futile, the Court will deny leave to amend.

## I.  FACTUAL BACKGROUND

Plaintiff's allegations arise almost entirely from California family-court, child-welfare, and related criminal proceedings in Napa County. Compl. at 5. For example, Plaintiff alleges that Jessica Marie Lopez Anaya ("Ms. Anaya"), Plaintiff's wife and a social worker for Child Welfare Services ("CHS") for Napa County, had a criminal history involving commerce conducted on behalf of organized crime groups. *Id.* ¶ 5. This posed a risk for Plaintiff because he alleges that he was an undercover informant for the government and represented the organized crime groups' victims. *Id.* Ms. Anaya allegedly required Plaintiff and his son to enter areas where the criminal organizations conducted operations, which put Plaintiff and his son in danger. *Id.*

Plaintiff informed Napa County of this danger, but "they began a campaign of overt acts to conceal the criminal history of [Ms. Anaya] as opposed to discharging their mandates under the law." *Id.* These overt acts allegedly included Napa County's termination of an investigation into Ms. Anaya that was being conducted by a neighboring county. Compl. Omnibus Ex.[1] at 13, ECF No. 2-5.

Another example of alleged wrongdoing is that the Napa County District Attorney and CHS directly communicated with Ms. Anaya about their separation after Plaintiff told the

---

[1] All of Plaintiff's supporting documentation was filed as a single exhibit, located at ECF No. 2-5 in the docket. The Court accordingly refers to this as the "Omnibus Exhibit."

authorities that she threatened him. *Id.* at 14. Ultimately, County Defendants allegedly did nothing to protect Plaintiff and his son, even after he raised his concerns about his Ms. Anaya.

Moreover, when Plaintiff and Ms. Anaya entered the court system, Plaintiff alleges that the Judicial Defendants conspired against him. Plaintiff alleges that the Judicial Defendants denied him procedural protections, including *in camera* proceedings, during hearings that he contends were necessary because he was an informant for the government and his life would be in danger if the relevant information was released to the opposing party. *See, e.g.*, *id.* at 12. Plaintiff also alleges that the Judicial Defendants' conduct during these hearings was deliberately intended to place him in harm's way and to "conceal their connection to a former terrorist group associate now employed by the County of Napa that has testified and conducted investigations for the County in an official capacity." Compl. at 6. Ultimately, Plaintiff alleges the Judicial Defendants conducted biased hearings against him in Napa County by failing to award fees, provide protections, and by permitting allegedly disproven evidence to be used against him.

Plaintiff also alleges that Defendant Winter, who represented Ms. Anaya in California family court proceedings, assisted her in committing perjury in Napa County court, resulting in an adverse ruling and exposing Plaintiff's son to the risk of being taken to Mexico, where Plaintiff claims the child would face danger from cartels. Compl. Omnibus Ex. at 24–25.

The Complaint contains no allegations concerning persons or events in Virginia. Only in his Response to the Motions to Dismiss does Plaintiff assert that, although the underlying events occurred in Napa County, the alleged harmful effects continue in Virginia, where he now resides following an emergency relocation. Pl.'s Resp. 1, ECF No. 15.

## II.  PROCEDURAL POSTURE

Plaintiff filed his Complaint on April 2, 2025.  Compl., ECF No. 2.  The County Defendants filed their Motion to Dismiss on June 5, 2025.  County Defs.' Mot. Dismiss, ECF No. 6; County Defs. Mem. Supp. Mot. Dismiss, ECF No. 7 ("County Defs.' Mem. Supp.").  The Judicial Defendants filed their Motion to Dismiss on June 6, 2025.  Judicial Defs.' Mot. Dismiss, ECF No. 9; Judicial Defs.' Mem. Supp. Mot. Dismiss ("Judicial Defs.' Mem. Supp.").  Plaintiff filed his Response to County Defendants' and Judicial Defendants' Motions to Dismiss on June 25, 2025.  Pl.'s Resp., ECF No. 15.  The County Defendants and Judicial Defendants filed their Replies to Plaintiff's Response on July 1, 2025.  County Defs.' Reply, ECF No. 20; Judicial Defs.' Reply, ECF No. 19.

On July 15, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint, seeking to add claims for "Retaliation Against Former Confidential Human Source (CHS)" and "Cover-Up of Criminal Connections and Brady Violations."  First Mot. Am. Compl., ECF No. 21.[2]  On August 8, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, seeking to allege "[n]ew [f]acts" in support of the claims underlying his original complaint.  Second Mot. Am. Compl. 2, ECF No. 42.[3]

On August 15, 2025, Defendant Winter filed a Motion to Dismiss and moved to join the County Defendants' Motion to Dismiss.  Winter's Mot. Dismiss, ECF No. 44.  The Court granted that request on August 27, 2025. Order at 2, ECF No. 50.  Plaintiff filed a Response to Defendant Winter's motion on August 19, 2025.  Pl.'s Resp., ECF No. 49.

---

[2] Roughly one week later, on July 23, 2025, Plaintiff filed a "Notice Amended Complaint Received"—but it is unclear what Plaintiff intended by this filing.

[3] Plaintiff also embedded an unauthorized sur-reply within the Second Amended Complaint.  Because the Court did not grant leave to file a sur-reply, it does not consider the arguments contained therein.  *See* E.D. Va. Loc. Civ. R. 7(F)(1).

On November 24, 2025, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, seeking to correct "clear errors in defendant identification," asserting that he inadvertently omitted one defendant and inadvertently included another.  Third Mot. Am. Compl. 3, ECF No. 65.

Finally, on February 19, 2026, Plaintiff filed a Motion for Leave for Limited *In Camera* Discovery of Video Evidence to Establish Personal Jurisdiction under Calder Effects Test ("Motion for Review"), wherein he seeks the Court's review of "video recordings of Napa family court proceedings and of his February 13, 2026, meeting at Congressman Mike Thompson's Washington, D.C., office."  ECF No. 80 at 2.

### III.  LEGAL STANDARDS

Defendants variously seek dismissal under Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6).  Because they are dispositive as to the respective movants, the Court focuses on the 12(b)(1)—lack of jurisdiction based on judicial immunity—and 12(b)(3)—improper venue—challenges.  *See Malbon v. Penn. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980) (explaining that it is not "absolutely necessary" that a court specifically recite and discuss each argument advanced by the parties).

### A.  Judicial Immunity

"Although somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Marinaro v. Moore*, 2024 WL 5430834, at *8 n.4 (E.D. Va. Sept. 10, 2024).  On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that jurisdiction is proper. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## B. Venue

"A plaintiff is obliged . . . to make only a *prima facie* showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings," but must otherwise view the facts in the light most favorable to the plaintiff. *Id.* at 365–66 (citing *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)). If an action is found to have been brought in an improper venue, the court may dismiss the action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## IV.  ANALYSIS

Plaintiff asserts claims under RICO, the Americans with Disabilities Act, the Civil Rights Act, and Virginia law.[4]  The Court first addresses the Judicial Defendants' arguments for judicial immunity. The Court next considers the County Defendants' and Winter's arguments that venue is improper under either 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391(b). Finally, the Court turns to Plaintiff's requests to file an amended complaint. Ultimately finding that the judicial immunity and venue analyses point to dismissal of the Complaint, and that the proposed amendments will

---

[4] Plaintiff also broadly alleges "multiple additional claims, both supplemental and original, of violations of plaintiffs [sic] rights . . . ." Compl. 5. The Complaint does not identify what those additional claims are or the factual basis supporting them. And the Court need not attempt to decipher undeveloped or conclusory assertions, as it is Plaintiff's responsibility to file a well-pleaded complaint setting forth his claims and the facts supporting them. *See* Fed. R. Civ. P. 8(a)(2); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that courts are not required to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party"). Plaintiff's *pro se* status does not insulate him from complying with Rule 8. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) ("[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."), *overruled on other grounds by Britt v. Dejoy*, 45 F.4th 790, 795–96 (4th Cir. 2022).

not cure the noted deficiencies or change this outcome, the Court will grant the instant Motions to Dismiss and dismiss the action in its entirety.

## A.  The Judicial Defendants are Protected by Absolute Judicial Immunity

It is well-settled that judges are immune from liability for damages arising out of their judicial actions.  *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)). The doctrine of judicial immunity is expansive.  *See Cleavinger v. Saxner*, 474 U.S. 193, 199–200, (1985).  Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly."  *Stump*, 435 U.S. at 355–56; *see also Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("judicial immunity attaches even if the act in question was in excess of his [or her] authority").  Only two exceptions apply to judicial immunity:  (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11–12 (citation omitted).  "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he [or she] took the challenged action he [or she] had jurisdiction over the subject matter before him[ or her]."  *Stump*, 435 U.S. at 356.

In their Motion to Dismiss, the Judicial Defendants properly invoke judicial immunity because Anaya's allegations, liberally construed, amount simply to challenging their rulings and conduct in connection with various state court proceedings.  Plaintiff makes no allegations that any of the Judicial Defendants took action outside of their roles as judges.  *See generally* Compl.; Judicial Defs.' Mem. Supp. 10.  Because all of Plaintiff's alleged interactions with the Judicial

Defendants consist of interactions whereby Plaintiff dealt with the Judicial Defendants in their judicial capacities, as they presided over matters involving Plaintiff, the Court cannot find that Plaintiff has plausibly alleged facts to support either of the exceptions to judicial immunity. *See Mireles*, 502 U.S. at 11–12. Plaintiff's unsupported, conclusory allegation that "[a]ll [D]efendants have . . . acted outside their jurisdiction," Compl. 11, is not sufficient to carry his burden of establishing an exception to the immunity doctrine. Accordingly, the Court will grant the Judicial Defendants' Motion to Dismiss, on the basis of judicial immunity.[5]

## B. Venue is Improper as to Plaintiff's Remaining Claims

The Court finds that Plaintiff fails to demonstrate that venue is proper under both 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a), the RICO-specific venue statute. The Court first addresses venue under the latter and then proceeds to venue generally.

### 1. RICO Venue

Venue for civil RICO actions is governed by 18 U.S.C. § 1965(a), which permits suit in any district in which a defendant "resides, is found, has an agent, or transacts his affairs." *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626–27 (4th Cir. 1997). In support of his view that venue in this District is proper, Plaintiff relies only on § 1965(a)'s "transact affairs" requirement. Specifically, Plaintiff posits that "Defendants' RICO enterprise 'transacts affairs' in Virginia through ongoing retaliation affecting a Virginia resident; economic impact concentrated in Virginia; and continuing RICO violations with a Virginia nexus." Pl's Resp. 5. Plaintiff provides no further support for these broad, conclusory statements. *See generally id.*

---

[5] The Court acknowledges that Plaintiff ostensibly seeks injunctive relief in this suit, which would place his claims outside the protections of judicial immunity. *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975). However, he does not specify what form such relief would take, particularly as it is not clear from the face of the Complaint (or proposed amendments thereto) that there are ongoing proceedings involving the named Judicial Defendants, such that prospective injunctive relief would be warranted. Accordingly, the Court does not find that Plaintiff has plausibly articulated grounds for injunctive relief, instead having merely attempted to invoke the principle to defeat judicial immunity. As such, dismissal on the basis of the doctrine of judicial immunity remains appropriate.

To the extent Plaintiff argues that venue is proper due to his own financial loss, he is mistaken: alleged downstream effects in the forum—absent forum-based business or operational activity—are insufficient to establish that a defendant transacts his affairs there.  Indeed, the "transacts" language underlying § 1965(a) "has been interpreted to require that a defendant regularly transacts business of a substantial and continuous character within the district." *Galloway v. Big Picture Loans, LLC*, 2023 U.S. Dist. LEXIS 223612, at \*\*22–23 (E.D. Va. Dec. 13, 2023) (quoting *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306, 319 (D.S.C. 1992)).  Thus, the mere fact that a plaintiff experiences financial injury in the forum, standing alone, is insufficient.

And, while Plaintiff does not pursue any of the alternative bases for venue under § 1965(a), the Court finds them inapplicable here because the Complaint alleges that all Defendants reside in California and that the conduct underlying Plaintiff's claims occurred in California.  Compl. 11, n.12 ("Plaintiff contends that a vast network, inclusive or [sic] state agencies, non-profit organizations, and various clandestine entities . . . and engage in what can be described as a State-sponsored racketeering **within the State of California**." (emphasis added)).

Accordingly, because Plaintiff has not alleged that any Defendant resides in Virginia, is found in Virginia, maintains an agent in Virginia, or transacts affairs in Virginia, venue is not proper under 18 U.S.C. § 1965(a). *Sweigert v. Goodman*, 2018 U.S. Dist. LEXIS 159237, at \*6 (D.S.C. Aug. 29, 2018).

    2. <u>Venue, Generally</u>

The venue analysis for Plaintiff's remaining claims flows easily from the Court's conclusion with respect to RICO venue.  Pursuant to 28 U.S.C. § 1391(b), the general venue statute, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When venue is improper, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As stated above, Plaintiff's Complaint only includes allegations regarding people and events in and around Napa County, California. Such facts clearly fail to demonstrate that any defendant resides in this district, let alone in this State. They further fail to demonstrate that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Virginia. Accordingly, the first and second options for laying venue are unavailable. And the third, catch-all venue option is equally unavailable, because the facts alleged suggest that this action may have been brought in one of the districts of California, specifically that encompassing Napa County. Similarly, and consistent with the Court's RICO venue analysis, Plaintiff's late-asserted claim that he was harmed in Virginia following his relocation does not, standing alone, make venue proper under § 1391(b). "To hold that a claim arises anywhere its economic effect is felt would mean that the situs of a cause of action would always be the residence of the plaintiff, and would render meaningless the distinction which § 1391 makes between the place where the claim arises and the place where the plaintiff resides." *First Financial Leasing Corp. v. Hartge*, 671 F. Supp. 538, 543 (N.D. Ill. 1987).

Having found that venue is improper in this district, the question becomes which of the remedies offered by 28 U.S.C. § 1406(a) is proper: dismissal, or transfer "if it be in the interest of justice." Because the Court has strong reservations regarding the merits of Plaintiff's asserted claims, and because Plaintiff himself has not requested transfer as an alternative to dismissal,[6] *see Berg v. Kingdom of the Neth.*, 24 F.4th 987, 999 (4th Cir. 2022) (affirming dismissal rather than transfer under § 1406(a) where plaintiff "never asked the district court to transfer venue"), it does not find that transfer would be in the interest of justice. As such, dismissal is the only proper outcome.

Accordingly, the Court will grant the County Defendants' and Winter's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).

## C. Leave to Amend Would be Futile

Plaintiff has filed various Motions for Leave to File Amended Complaints. *See* ECF Nos. 21, 42, 56, and 65. Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely give parties leave to file amended pleadings. *See In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). District courts can deny leave to amend, however, "in cases of 'prejudice, bad faith, or futility.'" *Id.* (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Proposed amendment is futile if it is clearly insufficient, frivolous on its face, or the proposed complaint fails to withstand Rule 12(b)(6) scrutiny. *See id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

Having reviewed the proposed amendments, *see* ECF Nos. 25, 42, 56-1, 65-1, the Court finds that they would not alter the above analysis in any way, and therefore granting leave to amend

---

[6] Indeed, Plaintiff claims it is "unsafe for [him] to be in California." Pl.'s Resp. 12.

would be futile.  The Court will accordingly deny Plaintiff's Motions for Leave to File Amended Complaints.

## D.  Dismissal is Appropriate as to Defaulted Defendant

Having disposed of the Motions to Dismiss, one hurdle remains to dismissal of the action in its entirety:  Defendant "Robert Fleshman, Court CEO" has ostensibly been served but has not appeared to defend against Plaintiff's claims.  Summons Returns 11–12, ECF No. 16 (representing to have served Mr. Fleshman by way of "the Clerk of the Board").  However, the Court finds that the summary dismissal of Plaintiff's claim(s)[7] against Mr. Fleshman is appropriate because Plaintiff has leveled zero factual allegations against him.

This Court possesses the inherent authority to review *pro se* pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleadings are not subject to the prescreening provisions of 28 U.S.C. § 1915.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, *but there is little doubt they would have power to do so even in the absence of this statutory provision*." (emphasis added)); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . ." (citations omitted)); *accord Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review

---

[7] In the original Complaint, Plaintiff articulates no basis whatsoever for including Mr. Fleshman in the action. In the proposed First Amended Complaint, Plaintiff at least includes Mr. Fleshman's name among the Defendants against whom he endeavors to state a "fraud" claim, *see* Prop'd First Am. Compl. 34, ECF No. 25, but then fails to reference him again in the supporting factual recitation, or anywhere else.  The proposed Second Amended Complaint is similarly deficient.  *See* Prop'd Second Am. Compl., ECF No. 65-1.

its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

Here, the Complaint contains zero basis for jurisdiction over any claims against Mr. Fleshman, as Plaintiff makes no factual allegations against him.  As such, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against Mr. Fleshman, nor any basis for the Court to exercise its jurisdiction over whatever claim(s) might linger following its granting of the above-analyzed Motions to Dismiss.  *See* Fed. R. Civ. P. 8(a) (requiring complaints to set forth "short and plain" statements of the grounds for jurisdiction and why the pleader is entitled to relief); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("Federal jurisdiction may not be premised on the mere citation of federal statutes."). Accordingly, the Court will exercise its inherent authority and dismiss Plaintiff's claim(s) against Mr. Fleshman as wholly unsupported and therefore frivolous.  *Ross*, 493 F. App'x at 406; *accord Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))).  And with the dismissal of Mr. Fleshman, the action will, as a whole, be dismissed.

## V. CONCLUSION

For the reasons detailed above, Defendants' Motions to Dismiss will be granted, and leave to amend will be denied. Plaintiff's claims against Robert Fleshman will be dismissed as frivolous. All remaining motions will be denied as moot, and this matter will be dismissed.

An appropriate Order shall issue.

_____ /s/

Roderick C. Young
United States District Judge

Date: March 16, 2026
Richmond, Virginia